**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

JOURNEY MEDICAL CORPORATION and
ROSE U, LLC,

      Plaintiffs,

      v.

TEVA PHARMACEUTICALS, INC., TEVA
PHARMACEUTICALS USA, INC., and
TEVA PHARMACEUTICAL INDUSTRIES
LTD.,

      Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiffs Journey Medical Corporation and Rose U, LLC (collectively "Plaintiffs"), by their attorneys, hereby allege as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by defendant Teva Pharmaceuticals, Inc. of an Abbreviated New Drug Application ("ANDA") No. 213622 to the U.S. Food and Drug Administration ("FDA") seeking approval to manufacture and sell a Glycopyrronium Cloth 2.4%, For Topical Use product ("Teva's ANDA Product"), a generic version of Journey Medical Corporation's Qbrexza®, prior to the expiration of U.S. Patent Nos. 8,618,160 ("the '160 patent"); 8,859,610 ("the '610 patent"); 9,259,414 ("the '414 patent"); 9,744,105 ("the '105 patent"); 10,004,717 ("the '717 patent"); 10,052,267 ("the '267 patent"); 10,543,192 ("the '192 patent"); and 10,548,875 ("the '875 patent") (collectively "the Asserted Patents"). Teva Pharmaceuticals,

ME1 39788111v.1

Inc. notified Eli Lilly and Company that it had submitted this ANDA by a letter dated February 2, 2022 (the "Notice Letter").  Upon information and belief, Teva Pharmaceuticals, Inc. also sent the Notice Letter to Journey Medical Corporation on February 2, 2022.  Upon information and belief, Teva's ANDA Product will be marketed as a generic competing product to Qbrexza®, a product developed by Plaintiffs for the treatment of hyperhidrosis.

## PARTIES

2.       Journey Medical Corporation is a corporation organized and existing under the laws of the State of Arizona, having its corporate offices and place of businesses at 9237 E Via De Ventura Blvd., Suite 105 Scottsdale, Arizona 85258.

3.       Rose U, LLC is a limited liability company organized and existing under the laws of California, having its place of business at 41 Deep Well Lane, Los Altos, CA 94022.

4.       Upon information and belief, Teva Pharmaceuticals, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 400 Interpace Parkway, Suite A1, Parsippany, NJ 07054.

5.       Upon information and belief, Teva Pharmaceuticals USA, Inc. is a corporation organized and existing under the laws of Delaware, having its principal place of business at 400 Interpace Parkway, Suite A1, Parsippany, NJ 07054.

6.       Upon information and belief Teva Pharmaceutical Industries Ltd. is a corporation organized and existing under the laws of Israel, having its principal place of business at 5 Basel Street, Petach Tikva, 49131, Israel.

## JURISDICTION AND VENUE

7.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

2

ME1 39788111v.1

8. This Court has personal jurisdiction over Teva Pharmaceuticals, Inc. Upon information and belief, Teva Pharmaceuticals, Inc. is incorporated in the State of Delaware. Upon information and belief, Teva Pharmaceuticals, Inc. is engaged in developing, manufacturing, marketing, selling, and distributing a broad range of generic pharmaceutical products globally. Upon information and belief, a substantial number of these products are marketed throughout the United States, including in the State of Delaware. Upon information and belief, Teva Pharmaceuticals, Inc. purposefully operates its manufacturing, marketing, sales, and distribution infrastructure in the United States either itself or via corporate parents, subsidiaries, and affiliates as a vertically integrated company.

9. This Court has personal jurisdiction over Teva Pharmaceuticals USA, Inc. Upon information and belief, Teva Pharmaceuticals USA, Inc. is incorporated in Delaware. Upon information and belief, Teva Pharmaceuticals USA, Inc. is engaged in developing, manufacturing, marketing, selling, and distributing a broad range of generic pharmaceutical products globally. Upon information and belief, a substantial number of these products are marketed throughout the United States, including in the State of Delaware. Upon information and belief, Teva Pharmaceuticals USA, Inc. purposefully operates its manufacturing, marketing, sales, and distribution infrastructure in the United States either itself or via corporate parents, subsidiaries, and affiliates as a vertically integrated company.

10. This Court has personal jurisdiction over Teva Pharmaceutical Industries Ltd. Upon information and belief, Teva Pharmaceuticals, Inc. itself, and through its wholly owned subsidiaries Teva Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc., is engaged in developing, manufacturing, marketing, selling, and distributing a broad range of generic pharmaceutical products globally. Upon information and belief, a substantial number of these

3

products are marketed throughout the United States, including in the State of Delaware. Upon information and belief, Teva Pharmaceutical Industries Ltd. purposefully operates its manufacturing, marketing, sales, and distribution infrastructure in the United States either itself or via corporate parents, subsidiaries, and affiliates as a vertically integrated company. In addition, Teva Pharmaceutical Industries Ltd. is subject to personal jurisdiction in Delaware because, on information and belief, it controls Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals, Inc., and therefore the activities of Teva Pharmaceuticals USA, Inc. and Teva Pharmaceuticals, Inc. in this jurisdiction are attributed to Teva Pharmaceutical Industries Ltd.

11.    Alternatively, if the exercise of personal jurisdiction over Teva Pharmaceutical Industries Ltd. in this Court is not held to be proper, then, upon information and belief, Teva Pharmaceutical Industries Ltd. is not subject to jurisdiction in any state's courts of general jurisdiction, and therefore personal jurisdiction over Teva Pharmaceutical Industries Ltd. in this Court is proper pursuant to Fed. R. Civ. P. 4(k)(2).

12.    Upon information and belief, Teva Pharmaceuticals, Inc., Teva Pharmaceuticals USA, Inc., and Teva Pharmaceutical Industries Ltd. (collectively "the Teva Defendants") hold themselves out as a unitary entity and operate as a single integrated business with response to the regulatory approval, manufacturing, marketing, sale and distribution of generic pharmaceutical products throughout the United States, including in the State of Delaware.

13.    Upon information and belief, the Teva Defendants have been sued in this judicial district without challenging personal jurisdiction and have availed themselves of the legal protections of the State of Delaware by filing claims or counterclaims affirmatively seeking relief in other prior actions in this Court, including *Anacor Pharmaceuticals, Inc. et al v. Teva*

ME1 39788111v.1

*Pharmaceuticals Development, Inc. et al,* C.A. No. 21-1353 (D. Del.), and *Teva Pharmaceuticals USA, Inc. et al v. Dr. Reddy's Laboratories, Ltd. et al*, C.A. No, 15-306 (D. Del.).

14.    Upon information and belief, the Teva Defendants regularly do business in Delaware and have engaged in a persistent course of conduct within Delaware by continuously and systematically placing goods into the stream of commerce for distribution throughout the United States, including Delaware, and/or by directly selling pharmaceutical products in Delaware.

15.    Upon information and belief, Teva Pharmaceuticals, Inc. has sought approval in ANDA No. 213622 to distribute Teva's ANDA Product in the United States, including in Delaware and will do so upon approval of ANDA No. 213622.  The filing of ANDA No. 213622 is therefore tightly tied, in purpose and planned effect, to the deliberate making of sales in Delaware, and reliably indicates that the Teva Defendants plan to engage in the marketing of Teva's ANDA Product in this State.

16.    Upon information and belief, with knowledge of the processes described in the Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 355(b) and the Drug Price Competition and Patent Term Restoration Act of 1984, 21 U.S.C. § 355(j) (the "Hatch Waxman Act"), Teva Pharmaceuticals, Inc. sent its Notice Letter to Journey Medical Corporation, Dermira, Inc., and Eli Lilly and Company, and alleged in the Notice Letter the invalidity, unenforceability, and/or non-infringement of the Asserted Patents.  Eli Lilly and Company received the Notice Letter on or about February 3, 2022.  Eli Lilly and Company is neither the holder of NDA No. 210361 for the reference product Qbrexza® nor is it the assignee for any of the Asserted Patents.  The Notice Letter was not sent to Rose U, LLC.  Upon information and belief, the Teva Defendants deliberately challenged Plaintiffs' patent rights with the Notice Letter and knew when it did so that

ME1 39788111v.1

it was triggering a forty-five-day period for Plaintiffs to bring an action for patent infringement under the FDCA.

17. Teva's Notice Letter identifies counsel for Teva Pharmaceuticals, Inc. solely by name and address. On February 16, 2022 Counsel for Journey Medical Corp. and Rose U, LLC contacted counsel for Teva Pharmaceuticals, Inc. via telephone regarding ANDA No. 213622 and left a message. On March 2, 2022, Counsel for Teva Pharmaceuticals, Inc. sent Counsel for Journey Medical Corp. and Rose U, LLC proof of delivery indicating Teva's Notice letter was delivered to Journey Medical Corporation on February 3, 2022. As of the filing of this complaint, counsel for Rose U, LLC has not received the Notice Letter from any of the Teva Defendants.

18. Because Qbrexza® is marketed, sold and distributed throughout the United States, including in the State of Delaware, the injury and consequences of the Teva Defendants' filing of ANDA No. 213622, challenging Plaintiffs' patent rights, are suffered in Delaware. Upon information and belief, the Teva Defendants knew that they were deliberately challenging intellectual property held in Delaware and that the effects of any successful challenge of the Asserted Patents would be felt by Plaintiffs in Delaware.

19. Upon information and belief, if the ANDA No. 213622 is approved, the Teva Defendants will directly or indirectly market and/or sell Teva's ANDA Product within the United States, including in Delaware, consistent with the Teva Defendants' practices for the marketing and distribution of other pharmaceutical products on its own or through its affiliates. Upon information and belief, the Teva Defendants and/or their affiliates regularly do business in Delaware, and their practices with other pharmaceutical products have involved the distribution of the Teva Defendants' products, directly or indirectly, throughout the United States, including in

ME1 39788111v.1

Delaware. Upon information and belief, the Teva Defendants' pharmaceutical products are used and/or consumed within and throughout the United States, including Delaware.

20. Upon information and belief, the Teva Defendants and their affiliates derive substantial revenue from pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by the Teva Defendants or their affiliates and/or for which the Teva Defendants are the named applicant on approved ANDAs. Upon information and belief, various products for which the Teva defendants are the named applicant on approved ANDAs are available at pharmacies in Delaware.

21. Upon information and belief, if ANDA No. 213622 is approved, Teva's ANDA Product, under the direction and control of physicians practicing in Delaware, will be administered to patients in Delaware. These activities, as well as the Teva Defendants' marketing, selling, and/or distributing of Teva's ANDA Product, would have a substantial effect within Delaware and would constitute infringement of the Asserted Patents in the event that Teva's ANDA Product is approved before the Asserted Patents expire.

22. For the reasons described above, among others, the filing of ANDA No. 213622 was suit-related conduct with a substantial connection to Delaware and this District, the exercise of personal jurisdiction over the Teva Defendants does not offend traditional notions of fair play and substantial justice, and this Court may properly exercise personal jurisdiction over the Teva Defendants.

23. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Teva Pharmaceuticals, Inc. is incorporated in the State of Delaware.

24. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b), because Teva Pharmaceuticals USA, Inc. is incorporated in the State of Delaware.

7

ME1 39788111v.1

25.    Upon information and belief and based on the foregoing, venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b) because Teva Pharmaceutical Industries Ltd. is a foreign entity incorporated in Israel and may be sued in any judicial district in the United States.

**BACKGROUND**

26.    Qbrexza® is indicated for the topical treatment of primary axillary hyperhidrosis in certain patient populations.

27.    Journey Medical Corporation is the holder of approved NDA No. 210361 for Qbrexza®.  Qbrexza® is manufactured by Journey Medical Corporation and is sold in the United States pursuant to NDA No. 210361.

28.    The '160 patent, titled "Topical Glycopyrrolate Formulations," was duly and legally issued on December 31, 2013.  A copy of the '160 patent is attached as Exhibit A.

29.    Rose U, LLC is the assignee of the '160 patent.

30.    Journey Medical Corporation is the exclusive licensee of the '160 patent.

31.    An actual case or controversy exists between Plaintiffs and the Teva Defendants with respect to infringement of the '160 patent.

32.    The '105 patent, titled "Topical Glycopyrrolate Formulations," was duly and legally issued on August 29, 2017.  A copy of the '105 patent is attached as Exhibit B.

33.    Rose U, LLC is the assignee of the '105 patent.

34.    Journey Medical Corporation is the exclusive licensee of the '105 patent.

35.    An actual case or controversy exists between Plaintiffs and the Teva Defendants with respect to infringement of the '105 patent.

ME1 39788111v.1

36.     The '267 patent, titled "Topical Glycopyrrolate Formulations," was duly and legally issued on August 21, 2018.  A copy of the '267 patent is attached as Exhibit C.

37.     Rose U, LLC is the assignee of the '267 patent.

38.     Journey Medical Corporation is the exclusive licensee of the '267 patent.

39.     An actual case or controversy exists between Plaintiffs and the Teva Defendants with respect to infringement of the '267 patent.

40.     The '610 patent, titled "Crystalline Glycopyrrolate Tosylate," was duly and legally issued on October 14, 2014.  A copy of the '610 patent is attached as Exhibit D.

41.     Journey Medical Corporation is the assignee of the '610 patent.

42.     An actual case or controversy exists between Journey Medical Corporation and the Teva Defendants with respect to infringement of the '610 patent.

43.     The '414 patent, titled "Glycopyrrolate Salts," was duly and legally issued on February 16, 2016.  A copy of the '414 patent is attached as Exhibit E.

44.     Journey Medical Corporation is the assignee of the '414 patent.

45.     An actual case or controversy exists between Journey Medical Corporation and the Teva Defendants with respect to infringement of the '414 patent.

46.     The '717 patent, titled "Glycopyrrolate Salts," was duly and legally issued on June 26, 2018.  A copy of the '717 patent is attached as Exhibit F.

47.     Journey Medical Corporation is the assignee of the '717 patent.

48.     An actual case or controversy exists between Journey Medical Corporation and the Teva Defendants with respect to infringement of the '717 patent.

49.     The '192 patent, titled "Glycopyrrolate Salts," was duly and legally issued on January 28, 2020.  A copy of the '192 patent is attached as Exhibit G.

ME1 39788111v.1

50.    Journey Medical Corporation is the assignee of the '192 patent.

51.    An actual case or controversy exists between Journey Medical Corporation and the Teva Defendants with respect to infringement of the '192 patent.

52.    The '875 patent, titled "Glycopyrrolate Salts," was duly and legally issued on February 4, 2020.  A copy of the '875 patent is attached as Exhibit H.

53.    Journey Medical Corporation is the assignee of the '875 patent.

54.    An actual case or controversy exists between Journey Medical Corporation and the Teva Defendants with respect to infringement of the '875 patent.

55.    Although Rose U, LLC is the owner of the '160, '105, and '267 patents, Teva Pharmaceuticals, Inc. sent its Notice Letter to Journey Medical Corporation, Dermira, Inc., and Eli Lilly Corporation on February 2, 2022.  This action is being filed within 45 days of the date of Teva's Notice Letter.

### COUNT I
### (Infringement of the '160 Patent Under 35 U.S.C. § 271(e)(2))

56.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

57.    Claim 1 of the '160 patent covers "[a]n individually packaged wipe for the treatment of hyperhidrosis comprising about 0.25 to about 6% w/w of a glycopyrrolate compound, a buffering agent, and an alcohol and water in a weight ratio of about 50:50 to about 70:30, wherein said wipe is individually packaged and contained within a pouch resistant to leakage and the glycopyrrolate compound degrades by less than 0.5% when stored at 40° C. for 3 months, wherein the buffering agent maintains a pH at about 4.5, and wherein the buffering agent is at about 10 mM to about 20 mM."

58.    Upon information and belief, Teva's ANDA product is covered by one or more claims of the '160 patent, including at least claim 1.

10

59.     Upon information and belief, Teva's ANDA Product and its use in accordance with and as directed by Teva's proposed labeling for that product will infringe one or more claims of the '160 patent, including at least claim 1, either literally or under the doctrine of equivalents.

60.     In its Notice Letter, Teva Pharmaceuticals, Inc. disputed that Teva's ANDA Product would meet the limitations of some but not all the claims of the '160 patent. For example, Teva Pharmaceuticals, Inc. did not dispute that the use of Teva's ANDA Product in accordance with and as directed by the Teva Defendants' proposed labeling for that product would meet the claim limitations of at least claim 1 of the '160 patent. Moreover, Qbrexza® meets the limitations of claim 1 of the '160 patent, and Teva's ANDA Product is a generic copy of Qbrexza®. Therefore, upon information and belief, Teva's ANDA Product also meets the limitations of at least claim 1 of the '160 patent.

61.     Upon information and belief, Teva Pharmaceuticals, Inc. filed as part of ANDA No. 213622 a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. §355(b)(2)(A)(iv), asserting that the claims of the '160 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

62.     The purpose of filing ANDA No. 213622 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '160 patent.

63.     Teva Pharmaceuticals, Inc.'s submission of ANDA No. 213622 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '160 patent is an act of infringement of the '160 patent under 35 U.S.C. § 271(e)(2)(A).

ME1 39788111v.1

64.     Upon information and belief, the Teva Defendants intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto, i.e., prior to the expiration of the '160 patent.

65.     Upon information and belief, the Teva Defendants have knowledge of the claims of the '160 patent at least because the '160 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Journey's Qbrexza® drug product. Notwithstanding this knowledge, the Teva Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto.

66.     Upon information and belief, the Teva Defendants plan and intend to, and will, actively induce infringement of the '160 patent, including at least claim 9, when ANDA No. 213622 and any amendments thereto are approved and will do so with specific intent to induce infringement of the '160 patent under 35 U.S.C. § 271(b).  Further upon information and belief, the Teva Defendants plan and intend to, and will, do so immediately and imminently upon approval.

67.     Upon information and belief, the Teva Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '160 patent, and that Teva's ANDA Product is not suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants plan and intend to, and will, contribute to infringement of the '160 patent, including at least claim 9, under 35 U.S.C. § 271(c) immediately and imminently upon approval of ANDA No. 213622 and any amendments thereto.

ME1 39788111v.1

68.     The foregoing actions by the Teva Defendants constitute and/or will constitute infringement of the '160 patent, active inducement of infringement of the '160 patent, and contribution to the infringement by others of the '160 patent either literally or under the doctrine of equivalents.

69.     Unless the Teva Defendants are enjoined from infringing the '160 patent, actively inducing infringement of the '160 patent, and contributing to the infringement by others of the '160 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT II
### (Infringement of the '105 Patent Under 35 U.S.C. § 271(e)(2))

70.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

71.     Claim 1 of the '105 patent covers "[a] glycopyrrolate base solution comprising: about 0.5 to about 4.0% w/w of a glycopyrrolate compound having the following formula: wherein

X− is a pharmaceutically acceptable counter ion salt; ethanol and water in a weight ratio of about 50:50 to about 60:40; and a buffering agent, comprising citric acid and a base selected from the group consisting of sodium citrate and tromethamine, said acid and base at a total concentration of about 0.2 to about 0.5% w/w and at an acid:base ratio sufficient to maintain a pH of the glycopyrrolate base solution of about 3.5 to about 6 for at least nine months at 25° C."

72.     Upon information and belief, Teva's ANDA product is covered by one or more claims of the '105 patent, including at least claim 1.

13

73.    Upon information and belief, Teva's ANDA Product and its use in accordance with and as directed by the Teva Defendants' proposed labeling for that product will infringe one or more claims of the '105 patent, including at least claim 1, either literally or under the doctrine of equivalents.

74.    In its Notice Letter, Teva Pharmaceuticals, Inc. disputed that Teva's ANDA Product would meet the limitations of some but not all the claims of the '105 patent.  For example, Teva Pharmaceuticals, Inc. did not dispute that the use of Teva's ANDA Product in accordance with and as directed by the Teva Defendants' proposed labeling for that product would meet the claim limitations of at least claim 1 of the '105 patent.  Moreover, Qbrexza® meets the limitations of claim 1 of the '105 patent, and Teva's ANDA Product is a generic copy of Qbrexza®.  Therefore, upon information and belief, Teva's ANDA Product also meets the limitations of at least claim 1 of the '105 patent.

75.    Upon information and belief, Teva Pharmaceuticals, Inc. filed as part of ANDA No. 213622 a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), asserting that the claims of the '105 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

76.    The purpose of filing ANDA No. 213622 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '105 patent.

77.    Teva Pharmaceuticals, Inc.'s submission of ANDA No. 213622 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '105 patent is an act of infringement of the '105 patent under 35 U.S.C. § 271(e)(2)(A).

14

78.     Upon information and belief, the Teva Defendants intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto, i.e., prior to the expiration of the '105 patent.

79.     Upon information and belief, the Teva Defendants have knowledge of the claims of the '105 patent at least because the '105 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Journey's Qbrexza® drug product. Notwithstanding this knowledge, the Teva Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto.

80.     Upon information and belief, the Teva Defendants plan and intend to, and will, actively induce infringement of the '105 patent, including at least claim 25, when ANDA No. 213622 and any amendments thereto are approved and will do so with specific intent to induce infringement of the '105 patent under 35 U.S.C. § 271(b).  Further upon information and belief, the Teva Defendants plan and intend to, and will, do so immediately and imminently upon approval.

81.     Upon information and belief, the Teva Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '105 patent, and that Teva's ANDA Product is not suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants plan and intend to, and will, contribute to infringement of the '105 patent, including at least claim 25, under 35 U.S.C. § 271(c) immediately and imminently upon approval of ANDA No. 213622 and any amendments thereto.

15

82.     The foregoing actions by the Teva Defendants constitute and/or will constitute infringement of the '105 patent, active inducement of infringement of the '105 patent, and contribution to the infringement by others of the '105 patent either literally or under the doctrine of equivalents.

83.     Unless the Teva Defendants are enjoined from infringing the '105 patent, actively inducing infringement of the '105 patent, and contributing to the infringement by others of the '105 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT III
### (Infringement of the '267 Patent Under 35 U.S.C. § 271(e)(2))

84.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

85.     Claim 1 of the '267 patent covers "[a] glycopyrrolate solution comprising: about 0.5 to about 4.0% w/w of a glycopyrrolate compound having the following formula:        wherein

X− is a pharmaceutically acceptable counter ion salt; ethanol and water in a weight ratio of about 50:50 to about 60:40; a buffering agent, comprising an acid and a base, said acid and base at a total concentration of about 0.2 to about 0.5% w/w and at an acid:base ratio sufficient to maintain a pH of the glycopyrrolate solution of about 3.5 to about 6 at 25° C.; wherein the acid is citric acid and the base is selected from the group consisting of sodium citrate and tromethamine; wherein the pharmaceutically acceptable counter salt is prepared from an inorganic or organic acid selected from hydrochloric acid, hydrobromic acid, hydrogen fluoride, hydrogen iodide, sulfuric acid, nitric acid, phosphoric acid, acetic acid, propionic acid, glycolic acid, pyruvic acid, oxalic acid, malic

ME1 39788111v.1

acid, malonic acid, succinic acid, maleic acid, fumaric acid, tartaric acid, citric acid, benzoic acid, cinnamic acid, mandelic acid, methanesulfonic acid, ethanesulfonic acid, p-toluenesulfonic acid, and salicylic acid."

86.     Upon information and belief, Teva's ANDA product is covered by one or more claims of the '267 patent, including at least claim 1.

87.     Upon information and belief, Teva's ANDA Product and its use in accordance with and as directed by Teva's proposed labeling for that product will infringe one or more claims of the '267 patent, including at least claim 1, either literally or under the doctrine of equivalents.

88.     In its Notice Letter, Teva Pharmaceuticals, Inc. disputed that Teva's ANDA Product would meet the limitations of some but not all the claims of the '267 patent.  For example, Teva Pharmaceuticals, Inc. did not dispute that the use of Teva's ANDA Product in accordance with and as directed by the Teva Defendants' proposed labeling for that product would meet the claim limitations of at least claim 1 of the '267 patent.  Moreover, Qbrexza® meets the limitations of claim 1 of the '267 patent, and Teva's ANDA Product is a generic copy of Qbrexza®.  Therefore, upon information and belief, Teva's ANDA Product also meets the limitations of at least claim 1 of the '267 patent.

89.     Upon information and belief, Teva Pharmaceuticals, Inc. filed as part of ANDA No. 213622 a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), asserting that the claims of the '267 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

90.     The purpose of filing ANDA No. 213622 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '267 patent.

17

91.    Teva Pharmaceuticals, Inc.'s submission of ANDA No. 213622 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '267 patent is an act of infringement of the '267 patent under 35 U.S.C. § 271(e)(2)(A).

92.    Upon information and belief, the Teva Defendants intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto, i.e., prior to the expiration of the '267 patent.

93.    Upon information and belief, the Teva Defendants have knowledge of the claims of the '267 patent at least because the '267 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Journey's Qbrexza® drug product. Notwithstanding this knowledge, the Teva Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto.

94.    Upon information and belief, the Teva Defendants plan and intend to, and will, actively induce infringement of the '267 patent, including at least claim 19, when ANDA No. 213622 and any amendments thereto are approved and will do so with specific intent to induce infringement of the '267 patent under 35 U.S.C. § 271(b).  Further upon information and belief, the Teva Defendants plan and intend to, and will, do so immediately and imminently upon approval.

95.    Upon information and belief, the Teva Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '267 patent, and that Teva's ANDA

ME1 39788111v.1

Product is not suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants plan and intend to, and will, contribute to infringement of the '267 patent, including at least claim 19, under 35 U.S.C. § 271(c) immediately and imminently upon approval of ANDA No. 213622 and any amendments thereto.

96.    The foregoing actions by the Teva Defendants constitute and/or will constitute infringement of the '267 patent, active inducement of infringement of the '267 patent, and contribution to the infringement by others of the '267 patent either literally or under the doctrine of equivalents.

97.    Unless the Teva Defendants are enjoined from infringing the '267 patent, actively inducing infringement of the '267 patent, and contributing to the infringement by others of the '267 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

## COUNT IV
### (Infringement of the '610 Patent Under 35 U.S.C. § 271(e)(2))

98.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

99.    Claim 1 of the '610 patent covers "[a]n absorbant pad comprising a pharmaceutically acceptable solution comprising a racemic mixture of (R)-3-((S)-2-cyclopentyl-2-hydroxy-2- phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate and (S)-3-((R)-2cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate or a solvate thereof and one or more pharmaceutically acceptable additives."

100.    Upon information and belief, Teva's ANDA product is covered by one or more claims of the '610 patent, including at least claim 1.

101.    Upon information and belief, Teva's ANDA Product and its use in accordance with and as directed by the Teva Defendants' proposed labeling for that product will infringe one or

19

more claims of the '610 patent, including at least claim 1, either literally or under the doctrine of equivalents.

102.    In its Notice Letter, Teva Pharmaceuticals, Inc. disputed that Teva's ANDA Product would meet the limitations of some but not all the claims of the '610 patent. For example, Teva Pharmaceuticals, Inc. did not dispute that the use of Teva's ANDA Product in accordance with and as directed by the Teva Defendants' proposed labeling for that product would meet the claim limitations of at least claim 1 of the '610 patent. Moreover, Qbrexza® meets the limitations of claim 1 of the '610 patent, and Teva's ANDA Product is a generic copy of Qbrexza®. Therefore, upon information and belief, Teva's ANDA Product also meets the limitations of at least claim 1 of the '610 patent.

103.    Upon information and belief, Teva Pharmaceuticals, Inc. filed as part of ANDA No. 213622 a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), asserting that the claims of the '610 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

104.    The purpose of filing ANDA No. 213622 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '610 patent.

105.    Teva Pharmaceuticals, Inc.'s submission of ANDA No. 213622 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '610 patent is an act of infringement of the '610 patent under 35 U.S.C. § 271(e)(2)(A).

106.    Upon information and belief, the Teva Defendants intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA

20

Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto, i.e., prior to the expiration of the '610 patent.

107.    Upon information and belief, the Teva Defendants have knowledge of the claims of the '610 patent at least because the '610 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Journey's Qbrexza® drug product. Notwithstanding this knowledge, the Teva Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto.

108.    Upon information and belief, the Teva Defendants plan and intend to, and will, actively induce infringement of the '610 patent, including at least claim 3, when ANDA No. 213622 and any amendments thereto are approved and will do so with specific intent to induce infringement of the '610 patent under 35 U.S.C. § 271(b).  Further upon information and belief, the Teva Defendants plan and intend to, and will, do so immediately and imminently upon approval.

109.    Upon information and belief, the Teva Defendants knows that Teva's ANDA Product is especially made or adapted for use in infringing the '610 patent, and that Teva's ANDA Product is not suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants plan and intend to, and will, contribute to infringement of the '610 patent, including at least claim 3, under 35 U.S.C. § 271(c) immediately and imminently upon approval of ANDA No. 213622 and any amendments thereto.

110.    The foregoing actions by the Teva Defendants constitute and/or will constitute infringement of the '610 patent, active inducement of infringement of the '610 patent, and

ME1 39788111v.1

contribution to the infringement by others of the '610 patent either literally or under the doctrine of equivalents.

111.   Unless the Teva Defendants are enjoined from infringing the '610 patent, actively inducing infringement of the '610 patent, and contributing to the infringement by others of the '610 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT V**
**(Infringement of the '414 Patent Under 35 U.S.C. § 271(e)(2))**

112.   Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

113.   Claim 1 of the '414 patent covers "[a] method of treating hyperhidrosis comprising topically administering a therapeutically effective amount of a pharmaceutically acceptable solution of glycopyrrolate tosylate comprising a racemic mixture of (R)-3-((S)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate and (S)-3-((R)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate or solvate thereof to the skin of a mammal, wherein the pH of said pharmaceutically acceptable solution is between 3.5 and 5.5 at 25° C."

114.   Upon information and belief, Teva's ANDA product is covered by one or more claims of the '414 patent, including at least claim 1.

115.   Upon information and belief, the use of Teva's ANDA Product in accordance with and as directed by the Teva Defendants' proposed labeling for that product will infringe one or more claims of the '414 patent, including at least claim 1, either literally or under the doctrine of equivalents.

116.   In its Notice Letter, Teva Pharmaceuticals, Inc. disputed that Teva's ANDA Product would meet the limitations of some but not all the claims of the '414 patent.  For example, Teva Pharmaceuticals, Inc. did not dispute that the use of Teva's ANDA Product in accordance

22

with and as directed by the Teva Defendants' proposed labeling for that product would meet the claim limitations of at least claim 1 of the '414 patent. Moreover, Qbrexza® meets the limitations of claim 1 of the '414 patent, and Teva's ANDA Product is a generic copy of Qbrexza®. Therefore, upon information and belief, Teva's ANDA Product also meets the limitations of at least claim 1 of the '414 patent.

117.    Upon information and belief, Teva Pharmaceuticals, Inc. filed as part of ANDA No. 213622 a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), asserting that the claims of the '414 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

118.    The purpose of filing ANDA No. 213622 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '414 patent.

119.    Teva Pharmaceuticals, Inc.'s submission of ANDA No. 213622 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '414 patent is an act of infringement of the '414 patent under 35 U.S.C. § 271(e)(2)(A).

120.    Upon information and belief, the Teva Defendants intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto, i.e., prior to the expiration of the '414 patent.

121.    Upon information and belief, the Teva Defendants have knowledge of the claims of the '414 patent at least because the '414 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Journey's Qbrexza® drug product.

23

Notwithstanding this knowledge, the Teva Defendants continues to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto.

122. Upon information and belief, the Teva Defendants plan and intend to, and will, actively induce infringement of the '414 patent, including at least claim 1, when ANDA No. 213622 and any amendments thereto are approved and will do so with specific intent to induce infringement of the '414 patent under 35 U.S.C. § 271(b). Further upon information and belief, the Teva Defendants plan and intend to, and will, do so immediately and imminently upon approval.

123. Upon information and belief, the Teva Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '414 patent, and that Teva's ANDA Product is not suitable for substantial noninfringing use. Upon information and belief, the Teva Defendants plan and intend to, and will, contribute to infringement of the '414 patent, including at least claim 1, under 35 U.S.C. § 271(c) immediately and imminently upon approval of ANDA No. 213622 and any amendments thereto.

124. The foregoing actions by the Teva Defendants constitute and/or will constitute infringement of the '414 patent, active inducement of infringement of the '414 patent, and contribution to the infringement by others of the '414 patent either literally or under the doctrine of equivalents.

125. Unless the Teva Defendants are enjoined from infringing the '414 patent, actively inducing infringement of the '414 patent, and contributing to the infringement by others of the '414 patent, Plaintiffs will suffer irreparable injury. Plaintiffs have no adequate remedy at law.

24

## COUNT VI
### (Infringement of the '717 Patent Under 35 U.S.C. § 271(e)(2))

126.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

127.    Claim 1 of the '717 patent covers "[a]n aqueous glycopyrrolate solution comprising: a racemic mixture of: (R)-3-((S)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate, and (S)-3-((R)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate, about 0.15% by weight anhydrous citric acid, about 0.06% by weight sodium citrate dihydrate, and between about 57 to about 59.5% by weight of dehydrated ethanol, wherein: the weight percent of said glycopyrrolate tosylate is between about 1% and about 6%; and the pH of said aqueous glycopyrrolate solution is between 3.5 and 5.5."

128.    Upon information and belief, Teva's ANDA product is covered by one or more claims of the '717 patent, including at least claim 1.

129.    Upon information and belief, Teva's ANDA Product and its use in accordance with and as directed by the Teva Defendants' proposed labeling for that product will infringe one or more claims of the '717 patent, including at least claim 1, either literally or under the doctrine of equivalents.

130.    In its Notice Letter, Teva Pharmaceuticals, Inc. disputed that Teva's ANDA Product would meet the limitations of some but not all the claims of the '717 patent. For example, Teva Pharmaceuticals, Inc. did not dispute that the use of Teva's ANDA Product in accordance with and as directed by the Teva Defendants' proposed labeling for that product would meet the claim limitations of at least claim 1 of the '717 patent. Moreover, Qbrexza® meets the limitations of claim 1 of the '717 patent, and Teva's ANDA Product is a generic copy of Qbrexza®. Therefore,

ME1 39788111v.1

upon information and belief, Teva's ANDA Product also meets the limitations of at least claim 1 of the '717 patent.

131.    Upon information and belief, Teva Pharmaceuticals, Inc. filed as part of ANDA No. 213622 a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), asserting that the claims of the '717 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

132.    The purpose of filing ANDA No. 213622 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '717 patent.

133.    Teva Pharmaceuticals, Inc.'s submission of ANDA No. 213622 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '717 patent is an act of infringement of the '717 patent under 35 U.S.C. § 271(e)(2)(A).

134.    Upon information and belief, the Teva Defendants intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto, i.e., prior to the expiration of the '717 patent.

135.    Upon information and belief, the Teva Defendants have knowledge of the claims of the '717 patent at least because the '717 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Journey's Qbrexza® drug product. Notwithstanding this knowledge, the Teva Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's

26

ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto.

136.    Upon information and belief, the Teva Defendants plan and intend to, and will, actively induce infringement of the '717 patent, including at least claim 19, when ANDA No. 213622 and any amendments thereto are approved and will do so with specific intent to induce infringement of the '717 patent under 35 U.S.C. § 271(b).  Further upon information and belief, the Teva Defendants plan and intend to, and will, do so immediately and imminently upon approval.

137.    Upon information and belief, the Teva Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '717 patent, and that Teva's ANDA Product is not suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants plan and intend to, and will, contribute to infringement of the '717 patent, including at least claim 19, under 35 U.S.C. § 271(c) immediately and imminently upon approval of ANDA No. 213622 and any amendments thereto.

138.    The foregoing actions by the Teva Defendants constitute and/or will constitute infringement of the '717 patent, active inducement of infringement of the '717 patent, and contribution to the infringement by others of the '717 patent either literally or under the doctrine of equivalents.

139.    Unless the Teva Defendants are enjoined from infringing the '717 patent, actively inducing infringement of the '717 patent, and contributing to the infringement by others of the '717 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT VII**
**(Infringement of the '192 Patent Under 35 U.S.C. § 271(e)(2))**

140.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

27

ME1 39788111v.1

141.    Claim 1 of the '192 patent covers "[a] pharmaceutically acceptable solution comprising: a racemic mixture of (R)-3-((S)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate and (S)-3-((R)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate, and at least one pharmaceutically acceptable additive; between about 57 and about 59.5% by weight dehydrated ethanol, wherein the weight percent of said racemic mixture of (R)-3-((S)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate and (S)-3-((R)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate is between about 1% and about 6%; and the pH of said pharmaceutically acceptable solution is between 3.5 and 5.5."

142.    Upon information and belief, Teva's ANDA product is covered by one or more claims of the '192 patent, including at least claim 1.

143.    Upon information and belief, Teva's ANDA Product and its use in accordance with and as directed by the Teva Defendants' proposed labeling for that product will infringe one or more claims of the '192 patent, including at least claim 1, either literally or under the doctrine of equivalents.

144.    In its Notice Letter, Teva Pharmaceuticals, Inc. disputed that Teva's ANDA Product would meet the limitations of some but not all the claims of the '192 patent.  For example, Teva Pharmaceuticals, Inc. did not dispute that the use of Teva's ANDA Product in accordance with and as directed by the Teva Defendants' proposed labeling for that product would meet the claim limitations of at least claim 1 of the '192 patent.  Moreover, Qbrexza® meets the limitations of claim 1 of the '192 patent, and Teva's ANDA Product is a generic copy of Qbrexza®.  Therefore,

upon information and belief, Teva's ANDA Product also meets the limitations of at least claim 1 of the '192 patent.

145.    Upon information and belief, Teva Pharmaceuticals, Inc. filed as part of ANDA No. 213622 a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), asserting that the claims of the '192 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

146.    The purpose of filing ANDA No. 213622 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '192 patent.

147.    Teva Pharmaceuticals, Inc.'s submission of ANDA No. 213622 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '192 patent is an act of infringement of the '192 patent under 35 U.S.C. § 271(e)(2)(A).

148.    Upon information and belief, the Teva Defendants intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto, i.e., prior to the expiration of the '192 patent.

149.    Upon information and belief, the Teva Defendants has knowledge of the claims of the '192 patent at least because the '192 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Journey's Qbrexza® drug product. Notwithstanding this knowledge, the Teva Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's

ME1 39788111v.1

ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto.

150.    The foregoing actions by the Teva Defendants constitute and/or will constitute infringement of the '192 patent either literally or under the doctrine of equivalents.

151.    Unless the Teva Defendants are enjoined from infringing the '192 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

### COUNT VIII
### (Infringement of the '875 Patent Under 35 U.S.C. § 271(e)(2))

152.    Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

153.    Claim 1 of the '875 patent covers "[a] racemic mixture of (R)-3-((S)-2-cyclopentyl2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate and (S)-3- ((R)-2-cyclopentyl-2-hydroxy-2-phenylacetoxy)-1,1-dimethylpyrrolidinium 4-methylbenzenesulfonate."

154.    Upon information and belief, Teva's ANDA product is covered by one or more claims of the '875 patent, including at least claim 1.

155.    Upon information and belief, Teva's ANDA Product and its use in accordance with and as directed by the Teva Defendants' proposed labeling for that product will infringe one or more claims of the '875 patent, including at least claim 1, either literally or under the doctrine of equivalents.

156.    In its Notice Letter, Teva Pharmaceuticals, Inc. disputed that Teva's ANDA Product would meet the limitations of some but not all the claims of the '875 patent.  For example, Teva Pharmaceuticals, Inc. did not dispute that the use of Teva's ANDA Product in accordance with and as directed by the Teva Defendants' proposed labeling for that product would meet the claim limitations of at least claim 1 of the '875 patent.  Moreover, Qbrexza® meets the limitations

30

ME1 39788111v.1

of claim 1 of the '875 patent, and Teva's ANDA Product is a generic copy of Qbrexza®. Therefore, upon information and belief, Teva's ANDA Product also meets the limitations of at least claim 1 of the '875 patent.

157.    Upon information and belief, Teva Pharmaceuticals, Inc. filed as part of ANDA No. 213622 a certification of the type described in Section 505(b)(2)(A)(iv) of the FDCA, 21 U.S.C. § 355(b)(2)(A)(iv), asserting that the claims of the '875 patent are invalid, unenforceable, and/or not infringed by the manufacture, use, offer for sale, or sale of Teva's ANDA Product.

158.    The purpose of filing ANDA No. 213622 was to obtain approval under the FDCA to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '875 patent.

159.    Teva Pharmaceuticals, Inc.'s submission of ANDA No. 213622 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Teva's ANDA Product prior to the expiration of the '875 patent is an act of infringement of the '875 patent under 35 U.S.C. § 271(e)(2)(A).

160.    Upon information and belief, the Teva Defendants intend to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto, i.e., prior to the expiration of the '875 patent.

161.    Upon information and belief, the Teva Defendants have knowledge of the claims of the '875 patent at least because the '875 patent is listed in the FDA's *Orange Book: Approved Drug Products with Therapeutic Equivalence Evaluations* for Journey's Qbrexza® drug product. Notwithstanding this knowledge, the Teva Defendants continue to assert their intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Teva's

31

ANDA Product and the proposed labeling therefor immediately and imminently upon the approval of ANDA No. 213622 and any amendments thereto.

162.    Upon information and belief, the Teva Defendants plan and intend to, and will, actively induce infringement of the '875 patent, including at least claim 12, when ANDA No. 213622 and any amendments thereto are approved and will do so with specific intent to induce infringement of the '875 patent under 35 U.S.C. § 271(b).  Further upon information and belief, the Teva Defendants plan and intend to, and will, do so immediately and imminently upon approval.

163.    Upon information and belief, the Teva Defendants know that Teva's ANDA Product is especially made or adapted for use in infringing the '875 patent, and that Teva's ANDA Product is not suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants plan and intend to, and will, contribute to infringement of the '875 patent, including at least claim 12, under 35 U.S.C. § 271(c) immediately and imminently upon approval of ANDA No. 213622 and any amendments thereto.

164.    The foregoing actions by the Teva Defendants constitute and/or will constitute infringement of the '875 patent, active inducement of infringement of the '875 patent, and contribution to the infringement by others of the '875 patent either literally or under the doctrine of equivalents.

165.    Unless the Teva Defendants are enjoined from infringing the '875 patent, actively inducing infringement of the '875 patent, and contributing to the infringement by others of the '875 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

ME1 39788111v.1

**COUNT IX**
**(Declaratory Judgment of Patent Infringement of the '160 Patent**
**Under 35 U.S.C. § 271 (a), (b), and/or (c))**

166.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

167.    This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.,* including 35 U.S.C. § 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

168.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product, if approved by the FDA, will infringe literally and/or under the doctrine of equivalents one or more claims of the '160 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

169.    Upon information and belief, the Teva Defendants have knowledge of the '160 patent and Teva Pharmaceuticals, Inc. has filed ANDA No. 213622 seeking authorization to commercially manufacture, use, offer for sale, and sell Teva's ANDA Product in the United States. Upon information and belief, if the FDA approves ANDA No. 213622, physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the Teva Defendants and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '160 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

170.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the

ME1 39788111v.1

'160 patent, including at least claim 9, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

171.   Upon information and belief, the Teva Defendants know and intend that physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the '160 patent, including at least claim 9, with the requisite intent under 35 U.S.C. § 271(b).

172.   Upon information and belief, if the FDA approves ANDA No. 213622, the Teva Defendants will sell or offer to sell Teva's ANDA Product specifically labeled for use in practicing one or more claims of the '160 patent, including at least claim 9, wherein Teva's ANDA Product is a material part of the invention claimed in the '160 patent, wherein the Teva Defendants know that physicians will prescribe and patients will use Teva's ANDA Product for practicing one or more claims in the '160 patent, and wherein Teva's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants will thus contribute to the infringement of the '160 patent under 35 U.S.C. § 271(c).

173.   As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and the Teva Defendants as to liability for the infringement of '160 patent claims.  The Teva Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from the Teva Defendants' threatened imminent actions.

ME1 39788111v.1

## COUNT X
### (Declaratory Judgment of Patent Infringement of the '105 Patent Under 35 U.S.C. § 271 (a), (b), and/or (c))

174. Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

175. This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.,* including 35 U.S.C. § 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

176. Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product, if approved by the FDA, will infringe literally and/or under the doctrine of equivalents one or more claims of the '105 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

177. Upon information and belief, the Teva Defendants have knowledge of the '105 patent and Teva Pharmaceuticals, Inc. has filed ANDA No. 213622 seeking authorization to commercially manufacture, use, offer for sale, and sell Teva's ANDA Product in the United States. Upon information and belief, if the FDA approves ANDA No. 213622, physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the Teva Defendants and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '105 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

178. Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the

ME1 39788111v.1

'105 patent, including at least claim 25, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

179.    Upon information and belief, the Teva Defendants know and intend that physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the '105 patent, including at least claim 25, with the requisite intent under 35 U.S.C. § 271(b).

180.    Upon information and belief, if the FDA approves ANDA No. 213622, the Teva Defendants will sell or offer to sell Teva's ANDA Product specifically labeled for use in practicing one or more claims of the '105 patent, including at least claim 25, wherein Teva's ANDA Product is a material part of the invention claimed in the '105 patent, wherein the Teva Defendants know that physicians will prescribe and patients will use Teva's ANDA Product for practicing one or more claims in the '105 patent, and wherein Teva's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants will thus contribute to the infringement of the '105 patent under 35 U.S.C. § 271(c).

181.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and the Teva Defendants as to liability for the infringement of '105 patent claims.  The Teva Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from the Teva Defendants' threatened imminent actions.

36

## COUNT XI
### (Declaratory Judgment of Patent Infringement of the '267 Patent
### Under 35 U.S.C. § 271 (a), (b), and/or (c))

182.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

183.    This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.,* including 35 U.S.C. § 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

184.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product, if approved by the FDA, will infringe literally and/or under the doctrine of equivalents one or more claims of the '267 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

185.    Upon information and belief, the Teva Defendants have knowledge of the '267 patent and Teva Pharmaceuticals, Inc. has filed ANDA No. 213622 seeking authorization to commercially manufacture, use, offer for sale, and sell Teva's ANDA Product in the United States. Upon information and belief, if the FDA approves ANDA No. 213622, physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the Teva Defendants and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '267 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

186.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the

ME1 39788111v.1

'267 patent, including at least claim 19, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

187.    Upon information and belief, the Teva Defendants know and intend that physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the '267 patent, including at least claim 19, with the requisite intent under 35 U.S.C. § 271(b).

188.    Upon information and belief, if the FDA approves ANDA No. 213622, the Teva Defendants will sell or offer to sell Teva's ANDA Product specifically labeled for use in practicing one or more claims of the '267 patent, including at least claim 19, wherein Teva's ANDA Product is a material part of the invention claimed in the '267 patent, wherein the Teva Defendants know that physicians will prescribe and patients will use Teva's ANDA Product for practicing one or more claims in the '267 patent, and wherein Teva's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants will thus contribute to the infringement of the '267 patent under 35 U.S.C. § 271(c).

189.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and the Teva Defendants as to liability for the infringement of '267 patent claims.  The Teva Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from the Teva Defendants' threatened imminent actions.

ME1 39788111v.1

## COUNT XII
### (Declaratory Judgment of Patent Infringement of the '610 Patent
### Under 35 U.S.C. § 271 (a), (b), and/or (c))

190.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

191.    This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.,* including 35 U.S.C. § 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

192.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product, if approved by the FDA, will infringe literally and/or under the doctrine of equivalents one or more claims of the '610 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

193.    Upon information and belief, the Teva Defendants have knowledge of the '610 patent and Teva Pharmaceuticals, Inc. has filed ANDA No. 213622 seeking authorization to commercially manufacture, use, offer for sale, and sell Teva's ANDA Product in the United States. Upon information and belief, if the FDA approves ANDA No. 213622, physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the Teva Defendants and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '610 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

194.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the

39

'610 patent, including at least claim 3, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

195.    Upon information and belief, the Teva Defendants know and intend that physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the '610 patent, including at least claim 3, with the requisite intent under 35 U.S.C. § 271(b).

196.    Upon information and belief, if the FDA approves ANDA No. 213622, the Teva Defendants will sell or offer to sell Teva's ANDA Product specifically labeled for use in practicing one or more claims of the '610 patent, including at least claim 3, wherein Teva's ANDA Product is a material part of the invention claimed in the '610 patent, wherein the Teva Defendants know that physicians will prescribe and patients will use Teva's ANDA Product for practicing one or more claims in the '610 patent, and wherein Teva's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants will thus contribute to the infringement of the '610 patent under 35 U.S.C. § 271(c).

197.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and the Teva Defendants as to liability for the infringement of '610 patent claims.  The Teva Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from the Teva Defendants' threatened imminent actions.

ME1 39788111v.1

## COUNT XIII
### (Declaratory Judgment of Patent Infringement of the '414 Patent
### Under 35 U.S.C. § 271 (a), (b), and/or (c))

198.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

199.    This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.,* including 35 U.S.C. § 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

200.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product, if approved by the FDA, will infringe literally and/or under the doctrine of equivalents one or more claims of the '414 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

201.    Upon information and belief, the Teva Defendants have knowledge of the '414 patent and Teva Pharmaceuticals, Inc. has filed ANDA No. 213622 seeking authorization to commercially manufacture, use, offer for sale, and sell Teva's ANDA Product in the United States. Upon information and belief, if the FDA approves ANDA No. 213622, physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the Teva Defendants and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '414 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

202.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the

ME1 39788111v.1

'414 patent, including at least claim 1, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

203.    Upon information and belief, the Teva Defendants know and intend that physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the '414 patent, including at least claim 1, with the requisite intent under 35 U.S.C. § 271(b).

204.    Upon information and belief, if the FDA approves ANDA No. 213622, the Teva Defendants will sell or offer to sell Teva's ANDA Product specifically labeled for use in practicing one or more claims of the '414 patent, including at least claim 1, wherein Teva's ANDA Product is a material part of the invention claimed in the '414 patent, wherein the Teva Defendants know that physicians will prescribe and patients will use Teva's ANDA Product for practicing one or more claims in the '414 patent, and wherein Teva's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants will thus contribute to the infringement of the '414 patent under 35 U.S.C. § 271(c).

205.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and the Teva Defendants as to liability for the infringement of '414 patent claims.  The Teva Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from the Teva Defendants' threatened imminent actions.

ME1 39788111v.1

## COUNT XIV
### (Declaratory Judgment of Patent Infringement of the '717 Patent
### Under 35 U.S.C. § 271 (a), (b), and/or (c))

206.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

207.    This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.,* including 35 U.S.C. § 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

208.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product, if approved by the FDA, will infringe literally and/or under the doctrine of equivalents one or more claims of the '717 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

209.    Upon information and belief, the Teva Defendants have knowledge of the '717 patent and Teva Pharmaceuticals, Inc. has filed ANDA No. 213622 seeking authorization to commercially manufacture, use, offer for sale, and sell Teva's ANDA Product in the United States. Upon information and belief, if the FDA approves ANDA No. 213622, physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the Teva Defendants and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '717 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

210.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product so labeled, if approved by the FDA, will induce and contribute to the infringement of one or more claims of the

43

'717 patent, including at least claim 19, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

211.    Upon information and belief, the Teva Defendants know and intend that physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the '717 patent, including at least claim 19, with the requisite intent under 35 U.S.C. § 271(b).

212.    Upon information and belief, if the FDA approves ANDA No. 213622, the Teva Defendants will sell or offer to sell Teva's ANDA Product specifically labeled for use in practicing one or more claims of the '717 patent, including at least claim 19, wherein Teva's ANDA Product is a material part of the invention claimed in the '717 patent, wherein the Teva Defendants know that physicians will prescribe and patients will use Teva's ANDA Product for practicing one or more claims in the '717 patent, and wherein Teva's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants will thus contribute to the infringement of the '717 patent under 35 U.S.C. § 271(c).

213.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and the Teva Defendants as to liability for the infringement of '717 patent claims.  The Teva Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from the Teva Defendants' threatened imminent actions.

ME1 39788111v.1

## COUNT XV
### (Declaratory Judgment of Patent Infringement of the '192 Patent Under 35 U.S.C. § 271 (a))

214.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

215.    This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.,* including 35 U.S.C. § 271(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

216.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product, if approved by the FDA, will infringe literally and/or under the doctrine of equivalents one or more claims of the '192 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

217.    Upon information and belief, the Teva Defendants have knowledge of the '192 patent and Teva Pharmaceuticals, Inc. has filed ANDA No. 213622 seeking authorization to commercially manufacture, use, offer for sale, and sell Teva's ANDA Product in the United States. Upon information and belief, if the FDA approves ANDA No. 213622, physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the Teva Defendants and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '192 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

218.    As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and the Teva Defendants as to liability for the infringement of '192 patent claims.  The Teva Defendants' actions have created in Plaintiffs a

ME1 39788111v.1

reasonable apprehension of irreparable harm and loss resulting from the Teva Defendants' threatened imminent actions.

## COUNT XVI
### (Declaratory Judgment of Patent Infringement of the '875 Patent Under 35 U.S.C. § 271 (a), (b), and/or (c))

219.    Plaintiffs reallege and incorporate each of the preceding paragraphs as if fully set forth herein.

220.    This declaratory judgment claim arises under the United States Patent Laws, 35 U.S.C. § 100 *et seq.,* including 35 U.S.C. § 271(a)-(c), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

221.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product, if approved by the FDA, will infringe literally and/or under the doctrine of equivalents one or more claims of the '875 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

222.    Upon information and belief, the Teva Defendants have knowledge of the '875 patent and Teva Pharmaceuticals, Inc. has filed ANDA No. 213622 seeking authorization to commercially manufacture, use, offer for sale, and sell Teva's ANDA Product in the United States. Upon information and belief, if the FDA approves ANDA No. 213622, physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the Teva Defendants and will directly infringe, literally and/or through the doctrine of equivalents, one or more claims of the '875 patent under 35 U.S.C. § 271(a), in violation of Plaintiffs' patent rights.

223.    Upon information and belief, the manufacture, sale, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product so labeled, if

ME1 39788111v.1

approved by the FDA, will induce and contribute to the infringement of one or more claims of the '875 patent, including at least claim 12, under 35 U.S.C. § 271(b) and/or (c), in violation of Plaintiffs' patent rights.

224.   Upon information and belief, the Teva Defendants know and intend that physicians, health care providers, and/or patients will use Teva's ANDA Product in accordance with the instructions and/or label provided by the '875 patent, including at least claim 12, with the requisite intent under 35 U.S.C. § 271(b).

225.   Upon information and belief, if the FDA approves ANDA No. 213622, the Teva Defendants will sell or offer to sell Teva's ANDA Product specifically labeled for use in practicing one or more claims of the '875 patent, including at least claim 12, wherein Teva's ANDA Product is a material part of the invention claimed in the '875 patent, wherein the Teva Defendants know that physicians will prescribe and patients will use Teva's ANDA Product for practicing one or more claims in the '875 patent, and wherein Teva's ANDA Product is not a staple article or commodity of commerce suitable for substantial noninfringing use.  Upon information and belief, the Teva Defendants will thus contribute to the infringement of the '875 patent under 35 U.S.C. § 271(c).

226.   As a result of the foregoing facts, there is a real, substantial, and continuing justiciable controversy between Plaintiffs and the Teva Defendants as to liability for the infringement of '875 patent claims.  The Teva Defendants' actions have created in Plaintiffs a reasonable apprehension of irreparable harm and loss resulting from the Teva Defendants' threatened imminent actions.

ME1 39788111v.1

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in its favor as follows:

a)      declare that the Asserted Patents are valid and enforceable;

b)      declare that, under 35 U.S.C. § 271(e)(2)(A), the Teva Defendants infringed the Asserted Patents by submitting ANDA No. 213622 to the FDA to obtain approval to commercially manufacture, use, offer for sale, or sell within the United States, or import into the United States Teva's ANDA product prior to the expiration of the Asserted patents;

c)      declare that the Teva Defendants' commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States of Teva's ANDA Product prior to the expiration of the Asserted Patents constitutes infringement of one or more claims of the Asserted Patents under 35 U.S.C. § 271 (a), (b), and/or (c);

d)      order that the effective date of any FDA approval of Teva's ANDA Product shall be no earlier than the expiration date of the Asserted Patents, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 271(e)(4)(A);

e)      enjoin the Teva Defendants, and all persons acting in concert with the Teva Defendants, from seeking, obtaining, or maintaining final approval of ANDA No. 213622 until the expiration of the Asserted Patents, including any exclusivities or extensions to which Plaintiffs are or become entitled;

f)      enjoin the Teva Defendants, and all persons acting in concert with the Teva Defendants, from commercially manufacturing, using, offering for sale, or selling Teva's ANDA Product within the United States, or importing Teva's ANDA Product into the United States, until

48

the expiration of the Asserted Patents, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 271(e)(4)(B);

g)    enjoin the Teva Defendants, and all persons acting in concert with the Teva Defendants, from commercially manufacturing, using, offering for sale, or selling Teva's ANDA Product within the United States, or importing Teva's ANDA Product into the United States, until the expiration of the Asserted Patents, including any exclusivities or extensions to which Plaintiffs are or become entitled, in accordance with 35 U.S.C. § 283;

h)    declare this to be an exceptional case and award Plaintiffs their costs, expenses, and disbursements in this action, including reasonable attorney fees, pursuant to 35 U.S.C. §§ 285 and 271(e)(4); and

i)    grant Plaintiffs such further and additional relief that this Court deems just and proper.

49

ME1 39788111v.1

Dated: March 4, 2022

OF COUNSEL:

Sanya Sukduang
Jonathan R. Davies
Bonnie Fletcher Price
Douglas W. Cheek
COOLEY LLP
1299 Pennsylvania Ave., NW, Ste. 700
Washington, DC 20004
Tel:  (202) 842-7800
ssukduang@cooley.com
jdavies@cooley.com
bfletcherprice@cooley.com
dcheek@cooley.com

Daniel J. Knauss
Priyamvada Arora
Deepa Kannapan
Alissa M. Wood
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel:  (650) 843-5000
dknauss@cooley.com
parora@cooley.com
dkannappan@cooley.com
amwood@cooley.com

MCCARTER & ENGLISH, LLP

*/s/ Daniel M. Silver*
Daniel M. Silver (#4758)
Angela C. Whitesell (#5547)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
awhitesell@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Journey Medical Corporation and Rose U, LLC*

50