**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| JOURNEY MEDICAL CORPORATION and ROSE U, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS, INC., and TEVA PHARMACEUTICALS USA, INC., <br><br> Defendants. | C.A. No. 1:22-cv-00288-CFC <br> **ANDA CASE** |

## STIPULATED PROTECTIVE ORDER

WHEREAS discovery in the above captioned action may involve the disclosure of certain documents, things and information in the possession, custody or control of the Plaintiffs Journey Medical Corporation ("Journey") and Rose U, LLC ("Rose U") (collectively, "Plaintiffs"), Defendants Teva Pharmaceuticals, Inc., and Teva Pharmaceuticals USA, Inc., (collectively "the Teva Defendants") or other persons that constitute or contain sensitive proprietary information, such as trade secrets or other confidential research, development or commercial information, within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS such trade secret, confidential, or proprietary information must be protected in order to preserve the legitimate business interests of the parties or other persons;

WHEREAS the parties have, through counsel, stipulated to the entry of this Stipulated Protective Order to advance this Action and prevent unnecessary dissemination or disclosure of such secret or other confidential research, development, or commercial information; and

WHEREAS the parties have established good cause for entry of this Stipulated Protective Order;

It is hereby ORDERED that the following provisions shall govern the conduct of further proceedings in this action:

1.       This Stipulated Protective Order shall apply to all documents, things, or information subject to discovery in this action that are owned or controlled by a party or a non-party and contain its trade secrets or other confidential or competitively sensitive technical (including, but not limited to, New Drug Applications or Abbreviated New Drug Applications), research, development, marketing, financial, sales, commercial, regulatory, or other business information, including without limitation documents, things, deposition testimony, interrogatory answers, answers to requests for admissions, and other discovery materials, whether produced informally or in response to requests for production of documents or things, interrogatories, requests for admissions, or other formal methods of discovery ("CONFIDENTIAL Material").

2.       Each party and any non-party shall have the right to designate as confidential and subject to this Stipulated Protective Order any CONFIDENTIAL Material that is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure. It shall be the duty of the party or non-party who seeks to invoke protection under this Stipulated Protective Order to give notice, in the manner set forth in Paragraphs 3 and 4, below, of the CONFIDENTIAL Material designated to be covered by this Stipulated Protective Order (hereinafter "Designated CONFIDENTIAL Material"). The duty of the other parties and of all other persons bound by this Stipulated Protective Order to maintain the confidentiality of CONFIDENTIAL Material so designated shall commence with such notice. A nonparty's use of this Order to protect its CONFIDENTIAL information does not entitle that non-party access to any Designated CONFIDENTIAL Material produced by parties or other non-parties in this case.

ME1 41432483v.1

3.      The party or non-party producing any documents or things containing CONFIDENTIAL Material who seeks to invoke protection under this Stipulated Protective Order for that material shall designate that material by stamping or labeling each page of that document or thing with the legend "CONFIDENTIAL" or "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER," or words to the same effect, at the time the document or thing, or a copy thereof, is provided to the requesting party. Inadvertent production of documents or things containing CONFIDENTIAL Material without such legends shall not waive the confidentiality of that material if written notice is furnished to the receiving party that the material shall be Designated CONFIDENTIAL Material and subject to this Stipulated Protective Order. With respect to all documents or things provided for inspection by a party's or non-party's counsel, designation by stamping or labeling as CONFIDENTIAL need not be made until copies of the documents or things are produced after inspection and selection by counsel. Making documents or things available for inspection shall not constitute a waiver of any claim of confidentiality, and all materials provided for inspection by a party's or non-party's counsel shall be treated as though designated as CONFIDENTIAL at the time of the inspection.

4.      a.      Information provided in a deposition may be designated as CONFIDENTIAL Material subject to this Stipulated Protective Order either (1) during the deposition or (2) by written notice to the reporter and all counsel of record given within thirty (30) days after the deposition transcript is received by the designating party or non-party, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the designating party or non-party. Until expiration of that thirty (30) day period, the entire deposition and all exhibits thereto will be treated as subject to protection against disclosure under this Stipulated Protective Order. If

no party or non-party timely designates any information provided in a deposition as CONFIDENTIAL Material, then none of the transcript will be treated as confidential; if a timely designation is made, the confidential portions and exhibits, and all copies of those portions and exhibits, shall be treated as Designated CONFIDENTIAL Material pursuant to the terms of this Stipulated Protective Order; deposition exhibits previously designated as CONFIDENTIAL Material do not need to be redesignated to retain their protection under this Stipulated Protective Order.

b.     At any deposition session, when counsel for a party or non-party deems that the answer to a question will result in the disclosure of CONFIDENTIAL Material, counsel shall have the option, in lieu of or in addition to taking other steps available under the Federal Rules of Civil Procedure, to direct that the testimony shall be treated as Designated CONFIDENTIAL Material and subject to this Stipulated Protective Order. Counsel for the party or the non-party whose Designated CONFIDENTIAL Material is involved may also request that all persons other than the reporter, the witness, counsel, and individuals specified in Paragraph 7, below, who may have access to such Designated CONFIDENTIAL Material, leave the deposition room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question.

c.     Deposition transcripts containing testimony with Designated CONFIDENTIAL Material shall be prominently marked on the front page with a statement that provides "THIS DEPOSITION TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION THAT IS SUBJECT TO PROTECTIVE ORDER," or words to that effect. All such deposition transcripts shall also be prominently marked on the front page with a statement that provides

"Deponents shall not retain or copy portions of the transcript of their depositions that contain Designated CONFIDENTIAL Material not provided by them or entities they represent."

5.      Documents, things, and information that are Designated CONFIDENTIAL Material shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents, things or information that are Designated CONFIDENTIAL Material; (b) portions of deposition transcripts and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (c) portions of briefs, memoranda, or any other writings served on the parties and/or filed with the Court, and exhibits thereto that contain, summarize, or reflect the content of any such documents, things, or information; (d) written discovery responses or contentions that contain, summarize, or reflect the content of any such documents, things, or information; (e) expert reports that contain, summarize, or reflect the content of any such documents, things, or information; or (f) deposition testimony designated in accordance with Paragraph 4, above.

6.      Each party and all other persons bound by the terms of this Stipulated Protective Order shall use any Designated CONFIDENTIAL Material designated by a party or non-party other than itself only for the purpose of this civil action and shall not use any Designated CONFIDENTIAL Material governed by this Stipulated Protective Order for any other purpose. The attorneys of record for the parties shall exercise reasonable care to insure that the information and documents governed by this Stipulated Protective Order are (a) used only for the purpose specified herein, and (b) disclosed only to those persons specified in Paragraph 7, below.

7.      Unless otherwise ordered by the Court or permitted in writing by the designating party, Designated CONFIDENTIAL Material shall be retained by the receiving or other counsel

ME1 41432483v.1

of the non-designating party at a secure location and in a secure manner and may be disclosed by the non-designating party only to:

      a.      the Court and its official personnel, consistent with the requirements of Paragraph 12 below;

      b.      the non-designating party's outside counsel of record in this case and their law firms' active members, associate attorneys, paralegals, and office staffs working on this case ("Outside Counsel");

      c.      court reporters, translators, third-party photocopy or imaging services contractors, e-discovery vendors, third-party contractors producing graphic or visual aids involved solely in providing litigation support services to Outside Counsel;

      d.      outside experts and consultants retained by the non-designating party's Outside Counsel to assist in this litigation, who are not past or present full-time employees of that non-designating or any other party or of an affiliate of that non-designating or any other party, as provided in Paragraph 8, below;

      e.      up to two in-house representatives for each non-designating party (each of whom is: responsible for overseeing this litigation; does not have any involvement related to product/formulation development relating to Qbrexza® or topical pharmaceutical formulations containing glycopyrronium; and does not, and will not for a period of two (2) years from the final termination of this litigation, including appeals: (a) have any involvement related to drafting, editing, filing, and/or making and/or participating in any decision regarding whether to file a Citizen's Petition with the United States Food and Drug Administration ("FDA"), regarding Qbrexza®, the Teva Defendants' ANDA seeking FDA approval for a generic Qbrexza® product, or topical pharmaceutical formulations

containing glycopyrronium; or (b) have any involvement related to the preparation of submissions to the United States Pharmacopoeia, or their counterpart organizations in any foreign jurisdiction concerning Qbrexza®, the Teva Defendants' ANDA seeking FDA approval for a generic Qbrexza® product, or topical pharmaceutical formulations containing glycopyrronium), identified as follows, as well as his or her secretarial, clerical and legal assistant staff:

      (1)      For Journey: _____;

      (2)      For Rose U: _____;

      (3)      For the Teva Defendants: _____;

      f.      trial consultants involved solely in providing litigation support services to Outside Counsel, to whom disclosure is deemed reasonably necessary for this litigation and who have signed the "Confidentiality Undertaking" (Exhibit A);

      g.      any deponent may be shown or examined on any information, document or thing if it reasonably appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is a present employee of the party that produced the information, document or thing, or if the producing party consents to such disclosure; and

      h.      any other person agreed to by the parties in writing.

8.      a.      Before counsel for a non-designating party may disclose Designated CONFIDENTIAL Material to a person described in Paragraph 7.d., above, that counsel shall give advance notice as follows: Counsel for the non-designating party seeking to make the disclosure shall provide written notice (by email) to counsel for the designating party and all other parties to this litigation, of the name, address, business affiliation, and curriculum vitae of the person(s) to

ME1 41432483v.1

whom the Designated CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking (Exhibit A). If the curriculum vitae does not include a list of all cases in which, during the previous four (4) years, the person(s) to whom the Designated CONFIDENTIAL Material is to be disclosed testified as an expert at trial or by deposition, then the non-designating party shall also provide such a list.

The designating party shall have ten (10) calendar days after receiving that notification within which to object to the proposed disclosure, as provided below, unless the end of the ten (10) calendar day period ends on a weekend or on a local, state, or federal holiday, which in that case the ten (10) calendar day period will end on the next regular business day; such disclosure shall not occur before the time for any objection by the designating party expires, and, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing to the counsel for the party seeking to make the disclosure. The parties shall meet and confer regarding the objection within five (5) business days from the date of the written objection. If the parties are unable to resolve the objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL Material to the person or persons in question, the designating party must follow the procedures set forth in the Court's Scheduling Order for raising such a dispute to the Court within seven (7) business days after the parties have met and conferred about the objection, unless agreed otherwise, in writing, among the counsel involved. The burden of demonstrating good cause for the requested relief shall lie with the objecting party (i.e., the designating party). A failure to object or follow the Court's procedures for raising the dispute within the requisite time limits shall be deemed a waiver of the objection. Upon a timely objection and request to the Court, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the

8

party seeking to make the disclosure and the party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

    b.  Before counsel for a non-designating party may disclose Designated CONFIDENTIAL Material to any person and in any manner not authorized by Paragraph 7, that counsel must give advance notice (by email) to the designating party of the name, address, and business affiliation of the person to whom the Designated CONFIDENTIAL Material is to be disclosed, as well as an executed copy of the Confidentiality Undertaking (Exhibit A).  The designating party shall have ten (10) business days after receiving that notification within which to object to the proposed disclosure, as provided below; such disclosure shall not occur before the time for any objection by the designating party expires, and, if any such objection is made, before that objection is resolved, as provided below. Any such objection shall be made in writing (by email) to the counsel for the party seeking to make the disclosure. Failure by the designating party to object within the requisite time limits shall be deemed a waiver of the objection. If the parties are unable to resolve any objection, and the party seeking to make the disclosure indicates that it still intends to disclose the Designated CONFIDENTIAL Material to the person or persons in question, the party seeking disclosure must follow the procedures set forth in the Court's Scheduling Order for raising such a dispute to the Court within fifteen (15) business days from receipt of the designating party's written objection. The burden of demonstrating good cause for maintaining the confidentiality of the Designated CONFIDENTIAL Material shall lie with the objecting party (i.e., the designating party). Upon a timely objection and request to the Court, and during the periods set forth above and until any such motion is resolved by Order of the Court or agreement in writing between the party seeking to make the disclosure and the party objecting to the disclosure, no disclosure shall be made to the objected-to person or persons.

9.      In no event shall any Designated CONFIDENTIAL Material be disclosed to any person allowed access under Paragraphs 7.e, 7.f, and 7.h until such person has been shown a copy of this Stipulated Protective Order and executed a written confidentiality agreement acknowledging and agreeing to be bound by the terms of this Stipulated Protective Order in the form set forth in Exhibit A hereto. Designated CONFIDENTIAL Material shall not be disclosed to any person who refuses to execute the written confidentiality agreement (Exhibit A) without prior express written leave of the Court.

10.      Should any Designated CONFIDENTIAL Material be disclosed by a non-designating party to any person not authorized to have access to such information under this Order, the non-designating party shall: (a) immediately upon the discovery of such disclosure, and in no event later than two (2) business days of the discovery of such disclosure, notify the designating party or non-party in writing of the unauthorized disclosure via email, with such notification identifying, by bates number if possible, the Designated CONFIDENTIAL Material disclosed and the name of the person to whom such information was disclosed; (b) immediately upon the discovery of such disclosure, and in no event later than two (2) business days of the discovery of such disclosure, inform such person of the provisions of this Order, use its best efforts to obtain the prompt return of any such Designated CONFIDENTIAL Material and to bind such person to the terms of this Order (or secure such person's compliance with this Order with respect to the disclosed Designated CONFIDENTIAL Material), including requesting that such person sign an undertaking in the form of Exhibit A attached hereto. If executed, the undertaking shall be served upon counsel of record for the designating party or non-party within three (3) days of its receipt by the non-designating party. If the person to whom such information was disclosed refuses to sign an undertaking in the form of Exhibit A attached hereto, the non-designating party or non-party

must immediately inform counsel for the designating party or non-party via email. Regardless of whether the undertaking is executed, the non-designating party shall not provide any additional Designated CONFIDENTIAL Material to such person unless and until permitted by Paragraph 7. The requirements set forth in this Paragraph shall not prevent the designating party or non-party from applying to the Court for further or additional relief.

11.     Patent Prosecution Bar. Any individual, attorney, patent agent, or paralegal employed by or representing a party who reviews or otherwise learns, in whole or in part, of any technical information that the opposing party has designated "CONFIDENTIAL" shall not, unless agreed to in writing by the party whose Designated CONFIDENTIAL Material is reviewed or learned, prepare, prosecute, supervise, or assist in the prosecution of any patent application, reissue or reexamination proceedings with the United States Patent and Trademark Office ("USPTO"), or any similar proceeding with any foreign patent office with respect to any patent application on behalf of a party and/or its parent, affiliates, successors-in-interest, or related entities that discloses and claims topical pharmaceutical formulations containing glycopyrronium, or on behalf of a non-party relating to topical pharmaceutical formulations containing glycopyrronium. This Patent Prosecution Bar will not bar participation in inter partes review proceedings, provided, however, that such participation does not involve, directly or indirectly, the amendment of any claim(s). The Patent Prosecution Bar commences upon an individual's receipt, review or otherwise learning, in whole or in part, of any Designated CONFIDENTIAL Material and continues for a period of time that shall be two (2) years after both the individual and the entity represented by that individual no longer are participating or involved in this action, including any appeals thereof, and all Designated CONFIDENTIAL Material has either been returned or destroyed as required by Paragraph 19, below.

ME1 41432483v.1

12.     Any Designated CONFIDENTIAL Material, if filed with the Court, shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by the terms of this Stipulated Protective Order. The party filing any paper that contains, summarizes, or reflects any Designated CONFIDENTIAL Material shall file such paper under seal in accordance with the Local Rules of the United States District Court for the District of Delaware, including Local Rule 5.1.3, and any applicable Order of this Court, including the Scheduling Order entered in this case.

13.     This Stipulated Protective Order shall not preclude any party or non-party from seeking and obtaining, on an appropriate showing of good cause, such additional protection with respect to the confidentiality of documents, things, or information as that party or non-party may consider appropriate. Nor shall any party be precluded from claiming that any Designated CONFIDENTIAL Material is not entitled to the protection of this Stipulated Protective Order; from applying to the Court for an Order permitting the disclosure or use of documents, things, or information otherwise prohibited by this Stipulated Protective Order; or from applying for an Order modifying this Stipulated Protective Order in any respect.

14.     The restrictions set forth in this Stipulated Protective Order shall not apply to documents, things, or information that prior to disclosure, are public knowledge.  Further, the restriction contained in this Stipulated Protective Order shall not apply to information that:

      a.     is, or after disclosure becomes, public other than by an act or omission of the party to whom such disclosure is made;

      b.     was in the possession of the party to whom disclosure is made prior to disclosure; or

       c.      is legitimately and independently acquired from a source not subject to this Stipulated Protective Order.

15.    If the discovery process calls for the production of information, documents or tangible items that a party asserts in good faith it cannot produce because the disclosure would breach an agreement with a third party to maintain such information in confidence, that party shall within five (5) business days of responding to a discovery request seeking such information, documents, or tangible items, give written notice to the requesting party that certain information, documents, or tangible items requested during discovery are subject to a confidentiality agreement with a third party, identifying or describing such requested information, documents, or tangible items. The parties shall then meet and confer to attempt to resolve the issue, including, as necessary, communicating with the third party regarding the confidentiality obligations of this Order. If the parties are unable to resolve the dispute, they shall bring it to the attention of the Court pursuant to the Court's Scheduling Order. This Paragraph relates to the production of information, documents or tangible items that a party asserts in good faith that it cannot produce because the disclosure would breach an agreement with a third party to maintain such information in confidence and does not govern discovery over which a party asserts privilege and/or an immunity.

16.    If a party seeks removal of protection for particular items of Designated CONFIDENTIAL Material on the ground that such confidentiality is not warranted under controlling law, the following procedure shall be used:

       a.      The party seeking such removal shall give Outside Counsel for the designating party or non-party notice thereof, in writing (by email), specifying the documents, things, or information for which such removal is sought and the reasons for the request. The designating party or non-party shall have ten (10) business days after receiving

that notification within which to object to the removal of protection afforded by this Order. Any such objection shall be made in writing (by email). Failure to object within the requisite time limit is deemed a waiver of any claim to protection for that specific document, thing, or information under this Stipulated Protective Order.

b.      If the parties, or the party and non-party, after conferring cannot reach agreement concerning the matter, then the party or non-party seeking the removal of protection for Designated CONFIDENTIAL Material must follow the procedures set forth in the Scheduling Order for raising the dispute with the Court.  The designating party shall bear the burden of establishing that the designation of the challenged materials as CONFIDENTIAL is warranted.  The designated material shall continue to be Designated CONFIDENTIAL Material until the issue is resolved by Order of this Court or by agreement of the parties or the party and non-party.

17.     This Stipulated Protective Order is intended to provide a mechanism for the handling of Confidential Material for which there is no objection to disclosure or production other than confidentiality as trade secret or other confidential research, development, or commercial information. Each party reserves the right to object to any production or disclosure of any documents, things, or information it deems confidential on any other ground it may deem appropriate, including, without limitation, attorney-client privilege or work product immunity. A producing party may produce a redacted version of information, documents, tangible things or other discovery materials that counsel contends is protected from disclosure by the attorney-client privilege, the attorney work-product immunity or any other identified applicable privilege or immunity, identifying where the privileged or immune material was redacted with the designation "RP," "Redacted-Privileged," or a similar marking. However, the parties agree that no Party is

14

required to identify on its respective privilege log any document or communication dated after the filing of the Complaint. The parties shall exchange their respective privilege logs at a time to be agreed upon by the parties following the production of documents, or as otherwise ordered by the Court.

18.    Inadvertent production of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege or immunity shall not constitute a waiver of such privilege(s). Subject to the provisions of this Paragraph, pursuant to Federal Rule of Evidence 502(d), the production of a privileged or work-product-protected document is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product protected documents in this case as part of a mass production is not itself a waiver in this case or any other federal or state proceeding. Subject to the provisions of this Paragraph, a Producing Party may assert privilege or protection over produced documents at any time by notifying the Receiving Party in writing of the assertion of privilege or protection. Subject to the provisions of this Paragraph, when a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Inadvertent production of documents or information shall be handled as follows, but is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery:

a.    When any inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the designating

15

party or non-party and brought to the attention of the non-designating party in writing, the non-designating party (unless it seeks to challenge the claim of privilege or work product immunity) shall, within five (5) business days from receiving such notice, return to the designating party or non-party, or confirm in writing the destruction of, such information and all copies thereof, and to the extent practical and reasonable, any analyses, memoranda or notes that were internally generated based upon such inadvertently produced information, other than those expressly permitted under this Paragraph, shall immediately be destroyed and the non-designating party and counsel shall not use such information for any purpose. If the non-designating party seeks to challenge the claim of privilege or work-product immunity, it shall (i) return to the designating party or non-party, or confirm in writing the destruction of, such information and all copies thereof;  and (ii) file a motion with the Court within twenty-one (21) days of receiving the notice described above. The non-designating party shall make no use of the challenged materials until the Court rules on the motion. To the extent that the non-designating party does not challenge the assertion of privilege or work product immunity, or the Court upholds the producing party's claim of privilege or work-product immunity, then, to the extent practical and reasonable, any analyses, memoranda or notes that were internally generated based upon such inadvertently produced information, other than those expressly permitted under this Paragraph, shall immediately be destroyed and the non-designating party and counsel shall not use such information for any purpose.  Inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the designating party or nonparty of any claims of privilege or work-product immunity. If the non-designating party disclosed any of the inadvertently produced materials prior to receiving notice from the designating party or

non-party, the non-designating party shall make reasonable efforts to retrieve those materials promptly after receiving notice. Nothing herein shall prevent the non-designating party from preparing a record for its own use containing the date, author, address(es), and such other information as is reasonably necessary to identify such documents or information and generally describe its nature to the Court in any motion to compel production of such documents or information. Such a record of the identity and nature of such documents or information may not be used for any purpose other than preparation of a motion to compel in this Action. Nothing in this Paragraph shall require a Party to withdraw a pleading, filed with the Court prior to receiving a request for return under this Paragraph, that references or includes such documents or information.

b.      Once a document or information has been used during a deposition, used as an exhibit to a pleading filed with the Court, identified for use at trial or otherwise disclosed to the Court, the designating party or non-party has thirty (30) days from the date of disclosure to provide notice of the inadvertent production. Notwithstanding any other provision of this Order, failure to provide notice within this thirty (30) day period shall constitute a waiver of any and all applicable privileges with respect to the inadvertently produced documents or information only.

19.    Upon final termination of this action by unappealable judgment, unless otherwise agreed to in writing by counsel of record for the designating party or non-party, each party shall within one hundred and twenty (120) days assemble and return, or certify destruction of, all Designated CONFIDENTIAL Material, including all copies, extracts, and summaries thereof, to the party or non-party from whom the Designated CONFIDENTIAL Material was obtained, except that any such materials that contain or constitute attorney work product may be destroyed rather

17

than returned, and counsel of record may retain copies of pleadings and materials that are of record in the litigation, deposition and hearing transcripts, expert reports, and attorney-work product relating thereto, subject to the confidentiality provisions of this Stipulated Protective Order.  As to electronic reports, databases, or other documents that simply summarize or collect information from Designated CONFIDENTIAL Material, but do not contain other attorney-work product or attorney-client communications, the receiving party shall delete such electronic information. All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the party or the non-party who produced the documents not more than one hundred and thirty (130) days after the final termination of this civil action.

20.     No part of the restrictions imposed by this Stipulated Protective Order may be terminated, except by written stipulation executed by counsel of record for each designating party or non-party, or by an Order of this Court for good cause shown. The termination of this civil action shall not automatically terminate the directives of this Stipulated Protective Order.

21.     This Stipulated Protective Order governs the confidentiality of Designated CONFIDENTIAL Material before and after trial. If a party intends to disclose Designated CONFIDENTIAL Material in court at any pretrial proceeding open to the public, the issue of whether any such disclosure may be made shall be governed by applicable law or additional Order of this Court. That party, however, shall give counsel for the designating party or non-party notice of that intention, in writing (by email), before making such disclosure, and shall identify the material intended to be disclosed to the extent feasible and consistent with legitimate trial strategy considerations.

22.     Notice under this Stipulated Protective Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court: (a) notice to

Journey and Rose U shall be made to Sanya Sukduang; Jonathan Davies; Daniel Knauss; Priyamvada Arora; Alissa Wood; Deepa Kannapan; Bonnie Fletcher Price; and Douglas Cheek, all at their respective email addresses of record filed with this Court for this civil action; and (b) notice to the Teva Defendants shall be made to Elaine Blais; Brian Drummond; Kathleen McGuiness; Stephen Brauerman, all at their respective email addresses of record filed with this Court for this civil action. Notice under this Order, as well as service of discovery and other papers shall be by email or electronic means.

23.    Nothing in this Stipulated Protective Order shall prevent or otherwise restrict counsel from rendering legal advice to their clients in this litigation and, in the course thereof, relying generally on examination of Designated CONFIDENTIAL Material; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated.

24.    No person subject to this Stipulated Protective Order may disclose, in public or private, any Designated CONFIDENTIAL Material designated by a party or non-party other than itself, except as provided for in this Stipulated Protective Order. Nothing herein, however, shall affect the right of the designating party or non-party to disclose to its officers, directors, employees, consultants, or experts, any documents, things, or information designated by it as CONFIDENTIAL material; such disclosure shall not waive the protection of this Stipulated Protective Order and shall not entitle other parties or their attorneys to disclose such information, documents, things, or information in violation of this Order.

25.    Other Proceedings. By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject

to this Order who becomes subject to a motion to disclose another party's information designated as Confidential pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

26.     Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writing leading up to an issued report(s) in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case. Materials, communications and other information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this litigation and the Stipulated Protective Order. Nothing in this Paragraph shall be construed to bar discovery from any current or former employees of any of the parties to this lawsuit, or any other persons with knowledge of relevant fact; provided, however, that their communications with testifying and/or consulting experts will be treated in accordance with this Paragraph.

27.     Any violation of this Stipulated Protective Order may constitute a contempt of court, and be punishable as such, and may subject the offending party or non-party to such additional and further remedies as may be available to the aggrieved party or non-party.

28.     This Order shall survive the termination of this Action (including any appeals).

29.     This Order shall govern the conduct of trial unless the parties agree otherwise in accordance with this Paragraph. Prior to the trial of this matter, the parties shall confer in good faith in an effort to reach agreement concerning a joint proposal to the Court with respect to the handling of Designated CONFIDENTIAL Material at trial, and they shall make such proposal no later than the final pre-trial conference in this Action.  If the parties are unable to reach agreement on this subject, each party may make its own submission to the Court no later than the final pre-trial conference.

30.     In the event that any person or party ceases to be engaged in the conduct of this action, such person's or party's access to Designated CONFIDENTIAL Material shall be terminated, and all copies thereof shall be returned or destroyed in accordance with the terms of Paragraph 19 hereof, except that such return or destruction shall take place as soon as practicable after such person or party ceases to be engaged in the conduct of this action. The provisions of this Order shall remain in full force and effect as to any person or party who previously had access to Designated CONFIDENTIAL Material, except as may be specifically ordered by the Court or consented to by the Producing Party.

31.     In the event that a new party is added or substituted, this Order will be binding on the new party, subject to the right of the new party to seek relief from the Court for modification of this Stipulated Protective Order. Nevertheless, they shall not have access to "CONFIDENTIAL" discovery material until the newly joined party or its counsel has executed and, at the request of any party, filed with the Court its agreement to be fully bound by this Order or an alternative protective order is agreed to by all parties and entered by the Court.

ME1 41432483v.1

## STIPULATION

It is hereby stipulated that the foregoing Stipulated Protective Order may be made and entered by the Court. It is further stipulated that the Parties will abide by this Stipulated Protective Order from the date of the execution of this Stipulation by counsel for the Parties. The Parties, through their undersigned counsel, respectfully request the Court to enter this Stipulation as an Order.

/s/ *Alexandra M. Joyce*

Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
MCCARTER & ENGLISH, LLP
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs Journey Medical
Corporation and Rose U, LLC*

OF COUNSEL:
Sanya Sukduang
Jonathan R. Davies
Bonnie Fletcher Price
Douglas W. Cheek
COOLEY LLP
1299 Pennsylvania Ave., NW, Ste. 700
Washington, DC 20004
Tel:  (202) 842-7800
ssukduang@cooley.com
jdavies@cooley.com
bfletcherprice@cooley.com
dcheek@cooley.com

/s/ *Ronald P. Golden, III*

Stephen B. Brauerman (#4952)
Ronald P. Golden, III (#6254)
BAYARD, P.A.
600 N. King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
sbrauerman@bayardlaw.com
rgolden@bayardlaw.com

*Attorneys for Defendants Teva
Pharmaceuticals, Inc., Teva
Pharmaceuticals USA, Inc., and Teva
Pharmaceuticals Industries Ltd.*

OF COUNSEL:
Elaine Hermann Blais
Brian T. Drummond
Kathleen McGuinness
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000
eblais@goodwinlaw.com
bdrummond@goodwinlaw.com
kmcguinness@goodwinlaw.com

Daniel J. Knauss
Priyamvada Arora
Deepa Kannapan
Alissa M. Wood
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
Tel:  (650) 843-5000
dknauss@cooley.com
parora@cooley.com
dkannappan@cooley.com
amwood@cooley.com

July 13, 2022

SO ORDERED THIS _____ DAY OF _____, 2022.

_____
HONORABLE COLM F. CONNOLLY
CHIEF UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOURNEY MEDICAL CORPORATION and ROSE U, LLC,<br><br>            Plaintiffs,<br><br>        v.<br><br>TEVA PHARMACEUTICALS, INC., and TEVA PHARMACEUTICALS USA, INC.,<br><br>            Defendants. | C.A. No. 1:22-cv-00288-CFC<br><br>**ANDA CASE** |

**CONFIDENTIALITY UNDERTAKING**

I, _____, state that:

    (a)    My present residential address is _____.

    (b) My present employer is _____ and the address of my present employer is _____.

    (c)    My present occupation or job description is _____ _____.

    (d)    I have received and carefully read the Stipulated Protective Order (the "Order") in the above-captioned case. I certify that I understand the terms of that Order, recognize that I am bound by the terms of that Order, and agree to comply with those terms. Further, I understand that unauthorized disclosure of any designated CONFIDENTIAL Material, or its substance, may constitute contempt of this Court and may subject me to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages by the disclosing party.

                Print Name: _____

                Signature: _____

                Date: _____

ME1 41432483v.1